799 F.2d 751
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Worldwide Equipment, Inc., a Kentucky corporation, Appellee
v.
Forrest R. Donahue and Barbara Donahue, Appellants.
 No. 86-1516.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Aug. 28, 1986.
 
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert C. Chambers (Chambers, Chambers & Heilmann on brief) for Appellants; Thomas H. Vanderford, IV (Pauley, Curry, Sturgeon & Vanderford on brief) for Appellees.
 
 PER CURIAM:
 
 2
 Worldwide Equipment, Inc. sued Barbara and Forrest Rex Donahue for breach of contract, complaining that the Donahues had failed to deliver the promised eight acres of usable land. Following a jury verdict in favor of Worldwide, the Donahues asked for a new trial, claiming that the verdict was contrary to the weight of the evidence. The Donahues now appeal the district court's denial of their motion for a new trial, and we affirm the decision below.
 
 
 3
 Worldwide, a distributor of Mack Trucks, wanted to buy a piece of property on which it could put a new truck dealership. The Donahues had a piece of property which needed to be leveled before it could be used for the dealership. Rex Donahue began the necessary cut, fill, and grading work, and Worldwide agreed to buy the land if certain conditions were met. Paragraph (c) of the contract required that Worldwide be "able to ascertain to [its] satisfaction that the property to be conveyed includes 8 acres usable for [Worldwide's] needs."
 
 
 4
 Worldwide paid the Donahues $5,000 in earnest money and $25,000 for earthwork and grading. By paragraph (h) of the contract, the Donahues agreed to refund the money "within ten (10) days following any event whereby Seller cannot meet any one of conditions a, b, c, d and g." When Worldwide's surveyor inspected the property, he determined that the embankments were too steep, causing part of the land to be unstable, and unusable for Worldwide's purposes. In addition, nearly an acre had been filled with wet soils and was therefore unsuitable for building. Based on the surveyor's report, Worldwide believed that it would not have eight acres of usable land and asked the Donahues to refund the money already paid.
 
 
 5
 The Donahues refused, contending that Worldwide had approved the bulk of the excavation work at the time it made the $25,000 payment. However, paragraph (h) of the contract plainly states that Worldwide would be entitled to a refund if any of the conditions were not met. Worldwide had specified that it required eight acres of usable land. The Donahues did not make those acres available, and they did not refund Worldwide's money.
 
 
 6
 We are unable to say that the verdict for Worldwide was against the weight of the evidence; the evidence amply supports a finding that the Donahues breached the contract with Worldwide. The denial of a motion for a new trial will be sustained unless there is clear abuse of discretion or exceptional circumstances. Lindner v. Durham Hosiery Mills, Inc., 761 F.2d 162, 168 (4th Cir. 1985). Neither are present here.
 
 
 7
 The decision of the district court is accordingly
 
 
 8
 AFFIRMED.